Bertha Welschi Phleps, complainant-appellant,

*v.*

Fred Martin Phleps, defendant-respondent.

[Submitted February term, 1943.   Decided April 30th, 1943.]

*Messrs. Levenson, Comen & Levenson (Mr. Abe D. Leven-son,* of counsel), for the complainant-appellant.

*Messrs. Otis & Kilkenny (Mr. Victor W. Kilkenny,* of counsel), for the defendant-respondent.

The opinion of the court was delivered by

BROGAN, CHIEF-JUSTICE.

This is an appeal from an interlocutory order of the Court of Chancery directing that a commission be issued for the examination, *de bene esse,* of one Charles Welsch upon certain interrogatories annexed thereto and to reduce the same to writing and return it into court. Welsch, a resident of New Jersey, is presently in the Army of the United States and is stationed at the Quartermaster Depot in Columbus, Ohio. The commission was directed to Lieutenant Jerry J. Hester, who is an officer, stationed at the same camp. The order is attacked because in the notice of application for the issuance of the commission the name of the person who would propound the interrogatories to the witness was not mentioned, and this is said to be a fatal defect under our statute, *R. S. 2:100-17.* At the time notice of this application for the commission was served, the proposed witness was stationed in the State of Maryland, at Fort Meade, and attached to a contingent of the Army Engineers.

Initially the issuance of the commission was opposed on this ground—that the notice failed to specify the person nominated to superintend the examination, other than to suggest "an attorney of the State of Maryland or some other fit person"—and the matter was argued before the learned Advisory Master. Just when it was argued does not appear but on November 18th, 1942, the Advisory Master decided

that the commission should issue and that "the form of the order and the propriety of the interrogatories and any proposed cross-interrogatories" would be settled by him on November 27th. During the interval, it would seem the witness was transferred to Columbus, Ohio, and the order advised by the master provided that the commission issue and be directed to Lieutenant Hester, at Columbus, Ohio.

The pertinent statute, *supra,* provides:

"A party intending to apply for a commission to examine any witness pursuant to section 2:100-16 of this title shall give eight days' notice of such application, and of the names of the witnesses to be examined, and of the place of their residence, and also of the name or names of the person or persons whom the party applying intends to nominate as commissioner or commissioners, and shall serve therewith a copy of the interrogatories intended to be annexed to such commission, in order that the adverse party may examine the same and submit cross-interrogatories if he think proper. The notice required by this section shall be served on the attorney or solicitor, when the party appears by attorney or solicitor. * * *"

The next succeeding section of the statute, *R. S. 2:100-18,* also has some bearing on the question before us. It provides:

"The issuing of the commission may be ordered and the interrogatories may be approved upon shorter notice than is directed by section 2:100-17 of this title, by consent of parties, or upon matter being made to appear to the said court or judge to excuse the want of full notice, and that shorter notice is necessary to prevent delay."

It is of course the fact that the notice of application and the petition for the commission advised that the witness to be examined was in the State of Maryland and that it was proposed to examine him before a member of the bar of the State of Maryland or some other fit person; and it is also the fact that when the order for the commission was advised it called for execution of the commission at a different place, the State of Ohio instead of that named in the notice and petition—which change was necessitated because of the witness' transfer from one army camp to another. But these failures of strict obedience to the statute—we do not consider fatal. The purpose of the statute is to advise the interested party that the testimony of a named witness

will be taken, at a particular place before a certain person. The interested party may submit cross-interrogatories if he wishes and attend the examination, if so inclined. In this matter it appears in the record that four days prior to the date of the order the appellant was advised that the testimony would be taken at Columbus, Ohio, and that the commissioner nominated was Lieutenant Hester. It is argued nevertheless that because of the discrepancy and omission in the notice and petition for the commission the proceeding is rendered ineffectual on the authority of *Lawrence* v. *Finch, 17 N. J. Eq. 234.* But that case, in our view, is not controlling of the issue here. There, Chancellor Green rejected evidence taken under a commission because the commissioner had not taken the oath prescribed by the statute and held that the oath taken differed materially from the oath prescribed by our statute. This court, in an earlier case—*Moran* v. *Green, 21 N. J. Law 562, 569*—held, *inter alia,* that since the provisions for the taking of testimony of a foreign witness by a commission are in derogation of the common law, therefore the things directed by the statute to be done by the party invoking the statute must be strictly or substantially complied with, yet the statute, remedial in character, should have a liberal construction. In our view, the distinction is that where the statute erects safeguards to insure the truthworthiness of the depositions then strictness in obedience to the statute is required; but where the provisions are directory a liberal construction to further the ends of justice should be indulged.

We fail to perceive how the appellant wife could be aggrieved legally by the order made. If there be a grievance it is not mentioned in the argument. No objection was lodged against the person to whom the commission was to be entrusted and whether the witness be examined in one state rather than another should be a matter of complete indifference to either party to this litigation. We see no merit in the argument.

Before leaving this point, it should be noted that prior to the advising of this order the appellant was informed, as she admits in her affidavit opposing the order, of the name of the

army officer to whom the commission would issue, as well as the place where the examination would be held, and if it be said that this was shorter notice than the statute fixes, the eighteenth paragraph of the statute, *supra,* provides that the commission may be ordered and the interrogatories approved on shorter notice than eight days "upon matter being made to appear to the said court or judge to excuse the want of full notice, * * *." And herein the court found that there was "good reason for short notice." And this determination by the court is not brought into question.

It is next said that certain of the interrogatories were improper. The appellant has offered no cross-interrogatories. For a proper understanding of this objection it is necessary to say that the appellant wife filed a bill for separate maintenance alleging non-support and desertion. The husband entered a general denial and counter-claimed for divorce on the ground of her adultery with the said Welsch, whose deposition the husband desires to obtain.

The appellant objects to certain questions proposed on the ground that to answer them might incriminate the witness, Welsch, or subject him to contempt of court for failure to answer. As to this, it is sufficient to say that Welsch's danger of self-incrimination is not a matter that the appellant may urge for him in advance. His right to refuse to answer, if the answer would incriminate him, is entirely personal to him. He alone may claim the privilege of not answering on the score of self-incrimination. Nor may he be held in contempt for standing mute if to answer would incriminate him. Certain other interrogatories are objected to. Manifestly they were not urged in the court below and will not be considered here.

The order will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, WELLS, RAFFERTY, THOMPSON, JJ. 11.

*For reversal*—None.